■ In the Matter of Theodore Ratowski, Petitioner, v Robert A. Van ·Benschoten, as Director of Law Enforcement of the Department of Environmental Conservation of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Franklin County) to review a determination of the Department of Environmental Conservation dated May 21, 1976 which (a) revoked petitioner's hunting licenses, and (b) declared him ineligible to hold any hunting license until January 1, 1981. On October 25, 1975, while hunting, petitioner shot one Maurice W. Dumas, another hunter, in the shoulder. ECL 11-0719 (subd 2, par c) provides that the hunting license of a hunter who shoots another person *shall* be revoked, unless the hunter establishes facts showing that there was *no* negligence on his part. Following an administrative hearing, the hearing officer found that the victim was negligent in removing his red hat and jacket and was clad in a black sweatshirt on his upper body, but that the petitioner was "grossly negligent in that he fired his scope-equipped rifle at the victim, mistaking him for a bear". On this proceeding petitioner does not argue that he has shown there was no negligence on his part, but rather that the finding of the hearing officer is not supported by substantial evidence. A review of the entire record reflects that while the victim may have been guilty of some negligence, it is clear that petitioner did not meet his burden of showing that there was *no* negligence on his part. In an affidavit which was received in evidence at the hearing petitioner stated that while he was in an area where his brother-in-law had had a good shot at a deer several years before, he saw what "appeared to me to be a bear", and that he fired one quick shot and then "heard a man holler" and "realized that what I had shot was a man." Thus, there was ample evidence to support the finding that petitioner was negligent. Petitioner also contends that the penalty imposed upon him is so severe as to be arbitrary, capricious, and an abuse of discretion. However, the statute, ECL 11-0719 (subd 2, par c) provides that where facts established at the hearing do not indicate to the satisfaction of the commissioner that there was no negligence on the part of the shooter, there shall be a license revocation for a period not exceeding 10 years. Here, the petitioner's hunting privileges were revoked for approximately four and one-half years. It cannot be said that such a penalty is wholly disproportionate or shocking to one's sense of fairness. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.