■ Kerri Iossa et al., Appellants, v Michael A. Marcone, Respondent, et al., Defendants. [721 NYS2d 652] —Order,

Supreme Court, Bronx County (Bertram Katz, J.), entered March 7, 2000, which, in an action for wrongful death arising out of defendant-respondent's shooting of plaintiff's decedent in a hunting accident, denied plaintiff's motion for summary judgment on the issue of defendant's liability, unanimously affirmed, without costs.

Defendant is not collaterally estopped on the issue of his negligence by the determination of the New York State Department of Environmental Conservation revoking his hunting license upon a finding that he "simply did not take the time to positively identify his target [as legal game] and shot in haste." Most significantly, the stakes in the license revocation proceeding, which defendant, although represented by an attorney, did not personally attend, were trivial compared to what is involved in this action for compensatory and punitive damages. It is also significant that defendant's burden in the license revocation was to prove the total absence of negligence on his part (see, ECL 11-0719 [2] [c]; *Matter of Ratowski v Van Benschoten*, 57 AD2d 1025), and that he had no reason to suppose that the revocation of his hunting license would later be used to conclusively establish his liability for his hunting partner's death. Defendant did not have the same opportunity to contest his negligence in the license revocation hearing as he would have in this action, and thus he should be allowed the opportunity to fully defend this action on the merits in a manner consistent with its potential magnitude (see, *Gilberg v Barbieri*, 53 NY2d 285, 292-294). Concur—Nardelli, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.